FILED
2014 Jul-01  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
---------------------------------------------X
Lewayne Daniels,

                     Plaintiff,        Index No. .:_____

        -against-

                                      **COMPLAINT AND DEMAND**
Equifax Information Services, LLC,        **FOR TRIAL BY JURY**
and Credit Bureau of Bessemer, Inc.
                      Defendants.
---------------------------------------------X

      Plaintiff Lewayne Daniels (hereinafter referred to as "Plaintiff"), by and through his

attorneys, Fredrick Schulman & Associates, as and for his Complaint against Defendants Equifax

Information Services, LLC (hereinafter referred to as "Equifax") and Credit Bureau of Bessemer,

Inc. (hereinafter referred to as "CBBI") respectfully sets forth as follows:

    **PRELIMINARY STATEMENT AS FOR THE FAIR CREDIT REPORTING ACT**

      Plaintiff brings this action for actual, statutory, and punitive damages pursuant to 15

U.S.C. §1681 *et seq*., commonly referred to as the Fair Credit Reporting Act (hereinafter referred

to as the "FCRA").

      Plaintiff further seeks declaratory and injunctive relief for Defendants' violations of 15

U.S.C. §1681 *et seq*. pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202.

      Credit Bureau of Bessemer, Inc. violated the FCRA by failing to conduct a proper

investigation of the Plaintiff's dispute filed with the credit reporting agency defendant, Equifax.

The dispute claimed that the Plaintiff has no obligation for CBBI account numbers

514136000099xxxx, 1205126000001xxxx, 1125116000002xxxx, 1126116000002xxxx,

212116000040xxxx, 1017106000049xxxx, and 511136000099xxxx as he did not owe have any

obligation under the accounts.  CBBI failed to review all relevant information purportedly provided to it by Equifax and it failed to direct such consumer reporting agency to delete inaccurate information about the Plaintiff from the files maintained by Equifax. CBBI further violated the FCRA by inaccurately reporting "Collection Number" as the furnisher of the above accounts instead of Credit Bureau of Bessemer, Inc.

Equifax violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Equifax also violated the FCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the Plaintiff, which contained erroneous tradeline entries which do not legitimately belong to the Plaintiff, despite having received actual notice that such entries are not his or is otherwise inaccurate.

Equifax has failed to properly investigate the disputed items in the Plaintiff's credit file maintained by it; has violated Plaintiff's privacy by repeatedly publishing to third-parties information purportedly about him which is false; and Equifax has provided the Plaintiff's credit report, containing erroneous information, to third-parties, who then used such reports to make creditworthiness determinations about him and, as a result, his credit score is adversely affected and his current credit standing with his legitimate creditors has been adversely affected.

CBBI is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

## PRELIMINARY STATEMENT AS FOR THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## PARTIES

1.  Plaintiff is a resident of the State of Alabama, County of Etowah. Plaintiff is a natural person and a "consumer" as that term is defined in 15 U.S.C §1681a(c) and 15 U.S.C. §1692a(3).

2.  Defendant Equifax Information Services, LLC is a consumer data collection company with its corporate headquarters located at 1550 Peachtree Street NW, Atlanta, Georgia 30309 with a registered agent in the State of New York located at 80 State Street, Albany, New York 12207 and authorized to conduct business in the State of New York.  Upon information and

belief, Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

3. Defendant Credit Bureau of Bessemer, Inc. is in Alabama conducting business from offices located at 11920 3rd Avenue N, Bessemer, Alabama 35020.  Upon further information and belief, CBBI is a furnisher of consumer information and is the source of the information being reported about the Plaintiff.

4. Defendant CBBI regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

5. Defendant CBBI regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681 *et seq*, 15 U.S.C. §1692 *et seq*, and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

8. The Plaintiff has a private right of action to assert claims against CBBI and Equifax pursuant to 15 U.S.C. §1681s-2(b).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Plaintiff allegedly incurred a debt originating from a medical bill (referred to hereinafter as the "Alleged Debt").

11. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

12. In or around February 2014, Plaintiff reviewed the contents of his credit report with Equifax and became aware that Defendant CBBI, under an erroneous name of "Collection Number" was erroneously reporting account numbers 514136000099xxxx, 1205126000001xxxx, 1125116000002xxxx, 1126116000002xxxx, 212116000040xxxx, 1017106000049xxxx, and 511136000099xxxx as entries in Plaintiff's Equifax credit report (hereinafter referred to as the "Account").

13. Said entries named Plaintiff as being liable on the Accounts.

14. Furthermore, the status of all said Accounts were marked as "unpaid".

15. On or about February 14, 2014, Plaintiff sent a dispute letter to Defendant CBBI, requesting validation of the Alleged Debt.

16. Defendant CBBI received the letter via facsimile on February 20, 2014.

17. In or around May 2014, Defendant CBBI updated its item on Plaintiff's credit report.

18. Defendant CBBI willfully failed to update Plaintiff's credit report as disputed to reflect the accurate status of the debt and left its wrongful and incomplete information on the credit reports despite its knowledge of the dispute.

19. Soon thereafter, by letter dated May 22, 2014, Plaintiff submitted a formal dispute to Equifax with an explanation that the basis of his dispute is the reporting of the Accounts for which he is not obligated.

20. Because the reporting incorrectly represents to third parties that Plaintiff is obligated under the Accounts and, in fact, Plaintiff is not obligated under the Accounts, Plaintiff fully identified the inaccuracy with specificity to Equifax in his letter and requested a correction.

21. On a date better known to Equifax, Equifax forwarded Plaintiff's dispute to CBBI.

22. Equifax responded to Plaintiff's dispute letter on May 30, 2014.

23. In said response, Equifax briefly stated "we verified that this item belongs to you" in regard to all of the Accounts.

24. Defendants essentially ignored Plaintiff's dispute.

25. Defendants each willfully disregarded the communications from Plaintiff and continued to report incorrect and inaccurate information to the detriment of Plaintiff.

26. As of this date, the Accounts continue to appear on Plaintiff's credit report despite the fact that he is not liable for the Accounts.

27. Defendants failed to conduct a reasonable reinvestigation following Plaintiff's direct notification to Defendant Equifax of disputed information on Plaintiff's credit report, in violation of 15 U.S.C. §1681i(a)(1)(A).

28. Defendants are reporting information to third-parties that is incorrect, inaccurate, misleading and/or false.

29. Defendants knowingly and intentionally disregarded Plaintiff's rights under the law.

30. As a result of Defendants' actions and failures, Plaintiff has been damaged and is entitled to declaratory relief and an award of actual damages, punitive damages, costs, and reasonable attorney's fees.

31. Plaintiff further alleges that as a direct and proximate result of the each of the Defendants' actions, conduct and omissions he suffered actual damage including, but not limited to,

damage to his existing credit accounts, emotional distress, annoyance, aggravation, frustration, and legal fees to secure the Defendants' compliance with the FDCPA and FCRA.

## FIRST CAUSE OF ACTION AS AGAINST EQUIFAX

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length.

33. Defendant Equifax willfully and/or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

34. Defendant Equifax willfully and/or negligently failed to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

35. Defendant Equifax willfully and/or negligently failed to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

36. Defendant Equifax willfully and/or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff in violation of 15 U.S.C. §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

37. Defendant Equifax willfully and/or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and

file in violation of 15 U.S.C. §1681e(b) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

38.  Indeed, Defendant Equifax continues to report incorrect information despite its actual knowledge of Plaintiff's dispute and the basis thereof.

39. The conduct of Defendant Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff detailed in the within Complaint and, accordingly, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

## SECOND CAUSE OF ACTION AS AGAINST CBBI

40. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length.

41. Defendant CBBI's conduct violated 15 U.S.C.  §1692e in that the CBBI used false, deceptive and misleading representation and means in attempt to collect a debt.

42. Defendant CBBI's conduct violated 15 U.S.C. §1692e(8) in that CBBI communicated false credit information about Plaintiff by failing to report that Plaintiff's disputed debt was disputed

43. Defendant CBBI's conduct violated 15 U.S.C.  §1692e(10) in that the CBBI used false representation and deceptive means in attempt to collect the alleged debt

44. Furthermore, after being informed by Equifax that the Plaintiff disputed the accuracy of the information it was providing, CBBI failed to conduct a proper investigation of the Plaintiff's dispute pertaining to the Accounts filed with Equifax.

45. Defendant CBBI negligently failed to review all relevant information purportedly provided by Equifax to CBBI in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

46. Defendant CBBI willfully and/or negligently failed to direct Equifax to delete inaccurate information about the Plaintiff pertaining to the Accounts at issue, as required by violated 15 U.S.C. §1681s-2(b)(C).

47. Defendant CBBI's actions further violated 15 U.S.C. §1681s-2 by willfully and/or negligently inaccurately reporting its name on Plaintiff's credit report as "Collection Number" instead of Credit Bureau of Bessemer, Inc.

48. The conduct of Defendant CBBI was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff detailed in the within Complaint and, accordingly, CBBI is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

## DEMAND FOR TRIAL BY JURY

49. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lewayne Daniels demands judgment against Defendants Equifax Information Services, LLC and Credit Bureau of Bessemer, Inc., as follows:

A.  For a declaration that Defendants' practices violated the FCRA and FDCPA;

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For actual damages to Plaintiff in the maximum sum permissible for Defendants' willful noncompliance pursuant to 15 U.S.C. §1681n(a)(1)(A), or in the alternative, Plaintiff is entitled to an award of actual damages for Defendants' negligent violations provided and pursuant to 15 U.S.C. §1681o(a)(1) ;

D.   For an award of punitive damages in an amount to be determined at trial for Defendants' willful violations provided and pursuant to 15 U.S.C. §1681n(a)(2);

E.   For an award of all costs and reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. §1681n(a)(3), or in the alternative, 15 U.S.C. §1681o(a)(2);

F.   For an order directing that Defendants immediately delete all of the inaccurate information from  Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

G.   For an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

H.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  June 30, 2014

                                        Respectfully submitted,


                              By:   s/ Richard C. Frier, Esq.
                                        Richard C. Frier, Esq. (ASB-F68R-5740)

                                        Fredrick Schulman & Associates
                                        Attorneys at Law
                                        Attorney for Plaintiff

30 East 29TH Street
New York, New York 10016
P: (212) 796-6053
F: (212) 951-7379
info@fschulmanlaw.com