# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LEWAYNE DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 4:14-cv-01258-SGC |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER[1]

By an order dated August 6, 2015, the undersigned directed the plaintiff to show cause why his claims against Credit Bureau of Bessemer should not be dismissed as a sanction for his failure to participate in a status conference on July 29, 2015. (Doc. 20). The plaintiff has failed to comply with or otherwise respond to the order within the time prescribed.

Rule 16(f) of the *Federal Rules of Civil Procedure* authorizes a district court to impose sanctions on a party for its failure to participate in a pre-trial conference. FED. R. CIV. P. 16(f). Those sanctions include dismissal of an action in whole or in part. FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(b)(2)(A)(v). "Rule 16(f) sanctions were 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Id.* "Dismissal under Rule 37, however, is 'appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's

---

[1] The parties have consented to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

1

orders.'" *Powell v. Siegal*, 447 Fed. App'x 92, 94 (11th Cir. 2011) (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

Under the circumstances present here, the undersigned determines that dismissal of the plaintiff's claims against Credit Bureau of Bessemer pursuant to Rules 16(f) and 37(b)(2)(A)(v) is warranted. The undersigned set the July 29th status conference after Credit Bureau of Bessemer filed a pleading styled as "Notice of Settlement and Motion to Dismiss" that was deficient for a variety of reasons and the parties failed to correct the deficient pleading as ordered. Then, not only did the plaintiff's attorney fail to participate in the July 29th status conference, but also he failed to return a voice message left for him during the status conference in an attempt to reach him. Given the plaintiff's repeated failure to comply with or otherwise respond to orders entered in this action, the undersigned directed the plaintiff to show cause why sanctions should not be imposed against him. The court has received no response from the plaintiff. Finally, the undersigned notes that Credit Bureau of Bessemer has represented to the court, both in its June 8th pleading and during the July 29th status conference, that the plaintiff has settled his claims against it. Accordingly, the plaintiff's claims against Credit Bureau of Bessemer are **DISMISSED WITH PREJUDICE**, costs taxed as paid.[2]

**DONE** this 17th day of August, 2015.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[2] Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2). No other party has incurred any expenses as a result of the plaintiff's non-compliance with Rule 16 that it otherwise would not have incurred. Accordingly, an award of expenses would be unjust.